

ORDERED in the Southern District of Florida on February 6, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

In re:                                                                                          Case No. 24-23582-RAM

RICHARD RAMON MILLS, SR.,                                          Chapter 13

    Debtor.
_____/

## ORDER DENYING DEBTOR'S MOTION TO IMPOSE AUTOMATIC STAY

The Court has reviewed the Motion for the Court to Impose an Automatic Stay [DE# 19] (the "Motion") filed by Richard Ramon Mills, Sr. (the "Debtor").

The Debtor filed the above-captioned chapter 13 case on December 30, 2024 (the "Petition Date"). The Debtor had three prior chapter 13 bankruptcy cases pending and then dismissed within the one-year period preceding the Petition Date, Case No. 24-17745-LMI (filed on July 31, 2024 and dismissed on December 26, 2024 for failure to appear at the section

1

341 meeting of creditors and make pre-confirmation plan payments), Case No. 24-12418-CLC (filed on March 14, 2024 and dismissed on July 8, 2024 upon denial of confirmation), and Case No. 23-14118-CLC (filed on May 26, 2023 and dismissed on March 6, 2024 upon payment default under confirmed plan and denial of plan modification).

Pursuant to section 362(c)(4)(A)(i) of the Bankruptcy Code, because two or more cases of the debtor were pending within the previous one year but were dismissed, the automatic stay under section 362(a) did not go into effect upon the filing of this latest case. Section 362(c)(4)(B) provides:

> [I]f, **within 30 days after the filing of the later case**, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

11 U.S.C. § 362(c)(4)(B) (emphasis added). Accordingly, the Court may impose the automatic stay when there were two or more prior cases that were dismissed within a year of the petition date only if a motion to impose the stay is filed within 30 days of the petition date.

The Motion was dated and filed on February 3, 2025, thirty-five (35) days after the Petition Date. Because the Motion was filed beyond the time-limitation set by section 362(c)(4)(B), the Court is bound by the plain language of the statute to deny the Motion. *See In re Benton*, 662 B.R. 517, 520 (Bankr. S.D.N.Y. 2024) (ruling that the automatic stay was not in effect because the debtor had two or more cases pending within the previous one year but were dismissed and no motion to impose the stay was filed within 30 days of the filing of the latest case). While the Court acknowledges that the Debtor is acting *pro se* in this chapter 13 case, "the Court must also consistently and fairly apply the Court's rules to all parties, whether they are *pro se* or represented by counsel." *In re McCain*, 353 B.R. 452, 465 (Bankr. E.D. Va. 2006); *see In re Moss*, 633 B.R. 711, 713 (Bankr. D. S.C. 2021).

For the foregoing reasons, the Court **ORDERS** that the Motion is denied.

###

Copies to: All parties of record by the Clerk

**CLERK TO SERVE:**

Richard Ramon Mills, Sr.
2931 NW 190st Street
Miami Gardens, FL 33056